MEMORANDUM **
Mebrhato Tsehai, a' former California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action challenging his administrative segregation on the ground that it was barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court’s dismissal pursuant to 28 U.S.C. § 1915A. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000). We may affirm on any ground supported by the record, see Shanks v. Dressel, 540 F.3d 1082, 1086 (9th Cir.2008), and we affirm.
This action may not be Heck-barred because Tsehai is no longer in custody. See Tsehai v. Schwartz, No. 06-1521, 2007 WL 1544745, at *1 (E.D.Cal. May 25, 2007); see also Nonnette v. Small, 316 F.3d 872, 875-77 (9th Cir.2002) (holding that a former prisoner’s section 1983 action was not barred by Heck where habeas relief was no longer available). Nevertheless, we affirm the district court’s dismissal on the alternative ground that Tsehai’s complaint failed to state a claim and amendment would have been futile. See Sandin v. *103 Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (holding that a due process violation can only occur where the sentence is exceeded in an unexpected manner or where an atypical and significant hardship is imposed); see also Ove v. Gwinn, 264 F.3d 817, 822-25 (9th Cir.2001) (holding that action was not Nec/c-barred but affirming dismissal without prejudice on alternative ground of failure to state a claim).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.